ALBANY,
Feb. 1824.

Shaw
v.
Raymond.

which commenced on the 20th January last, and continued till Saturday thereafter.

*V. Matthews*, contra. On the part of the plaintiff, an affidavit was read, showing that the cause was called on Wednesday evening, but the Judge, on the suggestion of the plaintiff's counsel, that it would be a long cause, declined trying it at that time, declaring that it should not lose its preference, and proceeded to take up some other causes which had been reserved, and criminal business, which occupied the Court nearly the whole of the next day, when the Judge's attention being again called to this cause, he declined trying it that week, remarking that he expected Judge Roches-ter to close the business of the Circuit during the next week, and he set down the cause for Monday. On Friday evening the Judge stated that he had received a letter from Judge Rochester, that he was in ill health, and could not attend the next week; and on being again applied to, he declared that he should not try the cause; and the plaintiff had no opportunity to try it during the Circuit:

And for these reasons *The Court* denied the motion, without costs.

Motion denied.

---

SHAW *against* RAYMOND, impleaded with FORD.

Where to
trespass a-
gainst a sheriff
for an act done
by him in vir-
tue of his of-
fice, he plead-
ed the general

TRESPASS *de bonis asportatis* against both defendants, who severed in their pleas. Raymond, pleaded the general issue, and two special pleas, by which he justified taking and carrying away the goods as Sheriff of St. Lawrence county,

issue and two special pleas; to which the plaintiff replied, and there were demurrers to the replications, and a verdict for the sheriff on the general issue; *held*, that the demurrers could not afterwards be argued; and the defendant had his double costs.

Where there are several pleas, some of which are carried to an issue of law, and some to an issue of fact; the plaintiff may first argue the demurrer, or try the issue of fact, at his election.

ALBANY,
Feb. 1824.

Shaw
v.
Raymond.

under a plaint in replevin. To these pleas the plaintiff replied, that the plaint had been set aside for irregularity. Demurrer and joinder, which is not yet determined. Upon this state of the pleadings, the plaintiff noticed his cause for trial at the last St. Lawrence Circuit, holden the 9th February instant, as well to try the issue as to assess contingent damages on the demurrers ; but the jury, under the direction of the Court, found a verdict for the defendant. The same jury found a verdict against Ford, for $178 60. The demurrers were noticed for argument at the present term.

*L. Hasbrouck & J. Fine,* for the defendant, Raymond, now moved that judgment be entered for him, with double costs.

They cited 1 R. L. 345; id, 155; 6 John. Rep, 109; Str. 507; 1 Dunl. Pr. 521, 2; 2 id. 732.

*A. Hackley,* contra, insisted that the application for double costs was premature. The defendant, who is acquitted should await the decision upon the demurrer.

But is he entitled to double costs on the state of the pleadings? Suppose the demurrer determined for him, he could have his single costs only, according to *Wait* v. *Durand,* (9 John. 254.) Can he have single costs, only, on the demurrer, which goes to the whole cause of action, and yet be entitled to double costs on the issue found for him?

*Curia.* The plaintiff had his election to go on in the first place upon his issue of law or of fact, as he should think proper, but he was bound to look to the consequences. Had the action been disposed of by the demurrer, costs would have been awarded accordingly. But he has chosen to have the question settled by a jury, upon the issue of fact ; and a verdict has passed for the defendant. His issue of law can, therefore, avail him nothing. We cannot avoid seeing, that upon the whole record, judgment must be for Raymond ; and we would not hear an argument upon the demurrer. (Vid. 2 Archb. 252, 3, and the cases there cited.)

Motion granted.